RECEIVED

AO 241
(Rev. 12/04)

2013 APR 26  P 12: 16

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: M **U.S. DISTRICT COURT MIDDLE DISTRICT ALA** |
|---|---|
| Name (under which you were convicted): James Alter Bigham | Docket or Case No.: 1:13-cv-289-TMH CC-2010-77 |
| Place of Confinement : Ventress Correctional Facility | Prisoner No.: 229436 |
| Petitioner (include the name under which you were convicted) James Alter Bigham | Respondent (authorized person having custody of petitioner) v. State Of Alabama Warden Christopher Gordy |
| The Attorney General of the State of   Alabama | |

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging: Houston County Circuit Court, P.O. Box Drawer 6406, Dothan, Al. 36302

    (b) Criminal docket or case number (if you know): CC-2010-77

2.  (a) Date of the judgment of conviction (if you know): 02-09-2012

    (b) Date of sentencing: 02-09-2012

3.  Length of sentence: 30 years

4.  In this case, were you convicted on more than one count or of more than one crime?  ☐ Yes  ☑ No

5.  Identify all crimes of which you were convicted and sentenced in this case: Domestic Violence 1st Degree 13A-6-130 (Assault 1st Degree 13A-6-20(a)(2))

6.  (a) What was your plea? (Check one)

    ☑ (1)  Not guilty     ☐ (3)  Nolo contendere (no contest)

    ☐ (2)  Guilty         ☐ (4)  Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? *NA*

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury     ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☑ Yes     ☐ No

8.    Did you appeal from the judgment of conviction?

☑ Yes     ☐ No

9.    If you did appeal, answer the following:

(a) Name of court: *Alabama Court OF Criminal Appeals*

(b) Docket or case number (if you know): *CR-11-0782*

(c) Result: *No decision has been rendered.*

(d) Date of result (if you know): *No decision.*

(e) Citation to the case (if you know): *James Alter Bigham v. State OF Alabama*

(f) Grounds raised: *I. Does the conviction violate the principles of Double Jeopardy?*
*II. Did the trial court err when it refused to charge the jury on the lesser included offenses) of Assault II And/or Domestic Violence II?*
*III. Was the defendant denied due process following the 2nd indictment?*
*IV. Should photographs taken the day of the incident, prior to any medical treatment, have been admitted?*
*V. Should juror 194 have been struck for cause?*
*VI. Was there sufficient evidence to sustain a conviction?*

(g) Did you seek further review by a higher state court?     ☐ Yes     ☑ No

If yes, answer the following: *NA*

(1) Name of court: *NA*

(2) Docket or case number (if you know): *NA*

(3) Result: *NA*

(4) Date of result (if you know): *NA*

AO 241
(Rev. 12/04)                                                                                                    Page 4

(5) Citation to the case (if you know): N/A

(6) Grounds raised: N/A

(h) Did you file a petition for certiorari in the United States Supreme Court?     ☐ Yes     ☑ No

If yes, answer the following: N/A

(1) Docket or case number (if you know): N/A

(2) Result: N/A

(3) Date of result (if you know): N/A

(4) Citation to the case (if you know): N/A

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions
concerning this judgment of conviction in any state court?     ☐ Yes     ☑ No

11.    If your answer to Question 10 was "Yes," give the following information: N/A

(a)     (1) Name of court: N/A

(2) Docket or case number (if you know): N/A

(3) Date of filing (if you know): N/A

(4) Nature of the proceeding: N/A

(5) Grounds raised: N/A

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes     ☑ No

(7) Result: N/A

(8) Date of result (if you know): N/A

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: N/A

    (2) Docket or case number (if you know): N/A

    (3) Date of filing (if you know): N/A

    (4) Nature of the proceeding: N/A

    (5) Grounds raised: N/A

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐  Yes    ☑ No

    (7) Result: N/A

    (8) Date of result (if you know): N/A

(c) If you filed any third petition, application, or motion, give the same information: N/A

    (1) Name of court: N/A

    (2) Docket or case number (if you know): N/A

    (3) Date of filing (if you know): N/A

    (4) Nature of the proceeding: N/A

    (5) Grounds raised: N/A

GROUND ONE

Double Jeopardy

Fifth Amendment

Violation

On or about December,2009 the Petitioner,(and hereafter referred to as Mr. Bigham)
was indicted on 1 count of Domestic Violence I 13A-6-130 Ala. Code Of 1975. He
was charged within that offense of Assault 1st Degree 13A-6-20 (a)(2). Mr. Bigham
was previously charged for Domestic Violence I 13A-6-130 Ala. Code Of 1975 and
within that offense of Assault 1st Degree 13A-6-20 (a)(3) from a procedural stand
point back on 2005. He was eventually indicted and stood trial on these charges in
which he was convicted by the Houston County Circuit Court and recieved a sentence
of 25 years. (Case No: CC-05-2134). Mr. Bigham filed a timely notice of appeal
and arguments were filed in the Alabama Criminal Court Of Appeals.(Case No:CR-07-1521)
The appellate court reversed and remanded Mr. Bigham's conviction and remanded it back
to the trial court on how to proceed further. The instructions given by the appellate
court was that the trial did present sufficient evidence of serious physical injury
within the Assault 1st Degree 13A-6-20 (a)(3). It however, did say that the trial
court did not present sufficient evidence that there was a "grave risk of death" as
charged in the indictment. The appellate court therefore reversed Mr. Bigham's
conviction and gave the trial court instructions that it could not reindict Mr. Bigham
under 13A-6-20 (a)(1) or (a)(2) since it did not charge the jury under subsections
(a)(1) or (a)(2) of Section 13A-6-20. It also specified the rule of law that states:
the state may not change the charged offense,and the state may not charge a new offense
not contemplated by the original indictment. This is what the trial court did. Mr.
Bigham certainly did not consent to any amendment of his indictment under this
amendment either. The trial court refused the defendant's request to give the jury
instuctions on the lesser included offenses of Assault II or Assault III. And only
gave the jury instructions on the charge of Section 13A-6-20 (a)(3) in which this
conviction was eventually overturned for fatal variance. The appellate court did say
that the trial court could reindict Mr. Bigham under another subsection of 13A-6-20
Ala. Code Of 1975,without violating the principles of double jeopardy. However, the
trial court went contrary to theses insrtuctions and reindicted Mr. Bigham under the
same subsection of 13A-6-20 Ala. Code Of 1975,under a different subdivision in which
it did not give the jury instructions under this charge. This violated Mr. Bigham's
right against double jeopardy. Not only did the trial court reindict Mr. Bigham under
the same section of 13A-6-20 Ala. Code Of 1975. The trial court amended the mental
state from "reckless" to "intentional". An element that it could not even prove at
Mr. Bigham's first trial. Or an element that the grand jury could not indict on in
the first initiation of these proceedings back in 2005.

GROUND TWO

Violation Of
The Fourteenth
Amendment's Due
Process Clause


After the reversal of Mr. Bigham's conviction by the Ala. Crim. Court Of Appeals
Mr. Bigham was released from custody. The state however did reindict Mr. Bigham a
second time in the December term of 2009 in the grand jury proceedings of Houston
County. The petitioner was not in custody when the second indictment was returned.
The only arrest reflected an arrest for failure to appear following the second
indictment but not for the felony itself. See ALA. CODE 15-10-30 and 15-10-40). If
there was no arrest following Mr. Bigham's second indictment then this was a
violation of Mr. Bigham's due process.

GROUND *Three*
Violation Of
The Fourteenth
Amendment's Due
Process Clause

At Mr. Bigham's second trial on 02-09-12 the trial court said that it presented
sufficient evidence that the victim sustained disfigurement seriously and permanently
as a result of Mr. Bigham's actions. The trial court also said there was sufficient
evidence that Mr. Bigham's actions were intentional. However, at Mr. Bigham's second
trial the only evidence presented to show the victim's injuries were photograph's
taken the day of the incident before medical treatment was given and the testimony
of the victim. There was no medical records presented at trial regarding the fact of
the victim's injury after medical attention was provided to corroborate the victim's
testimony that she sustained "serious physical injury". Neither was there any testimony
by any medical physician who provided treatment, regarding the seriousness of the
victim's injuries. The jury or the judge did not even see the victim's alledged
disfigurement as a result of Mr. Bigham's actions. Only photographs of the injuries
were taken nearly five years before this second trial commenced. This was highly
prejudicial to Mr. Bigham as there was was no evidence given at trial that the victim
has now suffered disfigurement seriously and permanently as a result of Mr. Bigham's
actions. The trial court also never presented evidence that Mr. Bigham's conduct was
intentional. The testimony of the victim does not corroborate the pictures presented at
Mr. Bigham's trial. Mr. Bigham testified that he did not intend to burn the victim,
but that he pushed her back to avoid getting burned himself. The victim in her testimony
did admit having an iron in her hand during an disagreement with Mr. Bigham. The
victim's daughter who said she saw the incident testified at trial that, the victim
and Mr. Bigham were fighting, that is when she (the victim)had went back to ironing.
And she sat the iron down, and he says, oh, you are going to burn me now. And he
pushed her up against the wall. This testimony corroborates Mr. Bigham's testimony
in which he says that it was not his intentions to burn the victim. But he was trying to
push her away to avoid getting burned himself. This action by Mr. Bigham certainly does
not constitute an intentional mental culpability required to constitute 13A-6-20 (a)(2)
Ala. Code Of 1975. Sgt. Jeremy Collins witgh the Dothan Police Dept. testified at trial
that he met the victim at the hospital. And that she did admit having an iron in her hand
during a disagreement with Mr. Bigham. Collins testified, that the victim had the iron
in her hand, and Mr. Bigham asked her if she was going to hit him with the iron. By all
four of these testimonies it certainly gave the jury a resonable hypothesis in which
they could infer that Mr. Bigham felt that he was in danger of being burned with the iron
by the victim.

And that his reaction of pushing the victim away
into the wall constituted either reckless conduct
or criminal negligence, anything but intentional.
Therefore, the charge on the culpable mental state
of intentional conduct by the state was not proven
at Mr. Bugham's second trial. In fact, Mr. Bigham
himself sustained burn marks to his arm as a result
of this incident. The victim alledged that Mr.
Bigham repeadeatly after holding her down pressed a
hot iron against her chest again and again. The
photographs do not reveal this injury as corrobative
of the victim's testimony, and there is no medical
testimony to corroborate this statement or any
corroboration by medical records to establish this
part of the victim's testimony as reliable to
establish intentional conduct.

## GROUND FOUR

### Violation Of The
### Sixth Amendment
### Right To An
### Impartial Jury

Juror 194 was not struck from Mr.Bigham's jury even after she admitted to being charged with domestic violence resulting from an incident involving a incident with her husband in which she was prosecuted for spousal abuse. She stated that she had a trial coming up in the same year some time. The defense challenged the selection of this juror but was refused by the court. Juror 194 said she thought that she could be fair and impartial. But the fact that she also had similar cases of this nature in front of the court which could influence her to be favorable to the prosecution because she's wanting a favorable result from her prosecution. Probable prejudice from a juror for any reason disqualifies a prospective juror. This prospective juror should have been struck from Mr. Bigham's jury as her current situation and conviction evidences that she could have a material interest in the outcome of Mr. Bigham's proceedings for her own personal reasons. Not striking Juror 194 from the venire was a violation of Mr. Bigham's right to a fair and impartial jury.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☑ No

(7) Result: NA

(8) Date of result (if you know): NA

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion? No.

(1) First petition:    ☐ Yes   ☑ No

(2) Second petition:   ☐ Yes   ☑ No

(3) Third petition:    ☐ Yes   ☑ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: I have not been given A decision in this appeal yet. The appellate court gave instructions on a reverse and remand of my 1st conviction in this sentence. However, the state trial court went contrary and applied An unreasonable application of the appellate court's instruction and convicted again. I have Appealed but have not heard Any decision from the appellate court as of this date.

12.  For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: On additional enclosed pages.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground One, explain why: The remedy for Ground One has proven to be inadequate as I have A appeal pending in the Criminal Court of Appeals its true. However, I have been awaiting A decision on this appeal for 11 months now. The circuit court was given instructions by the appellate court that they ignored without legal justification and convicted again. I have properly brought these issues before the state trial court and the appellate court. Exhaustion of the remedies process would further injure the Petitioner as the record reflects that I am serving a sentence under an unconstitutional conviction in the Alabama Dept. of Corrections.

AO 241
(Rev. 12/04)                                                                                                    Page 7

(c)   **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☑ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: *Raised this issue.*

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☑ No

(2) If your answer to Question (d)(1) is "Yes," state: *N/A*

Type of motion or petition: *N/A*

Name and location of the court where the motion or petition was filed: *N/A*

Docket or case number (if you know): *N/A*

Date of the court's decision: *N/A*

Result (attach a copy of the court's opinion or order, if available): *N/A*

(3) Did you receive a hearing on your motion or petition?                           ☐ Yes   ☑ No

(4) Did you appeal from the denial of your motion or petition?                       ☐ Yes   ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☑ No

(6) If your answer to Question (d)(4) is "Yes," state: *N/A*

Name and location of the court where the appeal was filed: *N/A*

Docket or case number (if you know): *N/A*

Date of the court's decision: *N/A*

Result (attach a copy of the court's opinion or order, if available): *N/A*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: *Did not file a post conviction petition in a state trial court.*

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: *Only the pending Appeal in the Ala. Criminal Court of Appeals.*

**GROUND TWO:** *On additional enclosed pages.*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why: *Same reason as Ground One.*

(c)  **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?      ☑ Yes      ☐ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: *I raised this issue.*

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☑ No

(2) If your answer to Question (d)(1) is "Yes," state: *NA*

Type of motion or petition: *NA*

Name and location of the court where the motion or petition was filed: *Petition not filed.*

Docket or case number (if you know): *NA*

Date of the court's decision: *NA*

AO 241
(Rev. 12/04)

Result (attach a copy of the court's opinion or order, if available): *NA*

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☑ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☑ No

(6) If your answer to Question (d)(4) is "Yes," state: *NA*

Name and location of the court where the appeal was filed: *NA*

Docket or case number (if you know): *NA*

Date of the court's decision: *NA*

Result (attach a copy of the court's opinion or order, if available): *NA*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: *Did not file petition for post conviction relief in any state court.*

(e)　　Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you ;
have used to exhaust your state remedies on Ground Two *Only the pending appeal in the Ala. Court of Criminal Appeals.*

GROUND THREE: *On additional enclosed pages.*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241
(Rev. 12/04)
Page 10

(b) If you did not exhaust your state remedies on Ground Three, explain why? *Same reason as Ground One And Two.*

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☑ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: *Raised this issue*

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☑ No

(2) If your answer to Question (d)(1) is "Yes," state: *NA*

Type of motion or petition: *NA*

Name and location of the court where the motion or petition was filed: *NA*

Docket or case number (if you know): *NA*

Date of the court's decision: *NA*

Result (attach a copy of the court's opinion or order, if available): *NA*

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☑ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☑ No

(6) If your answer to Question (d)(4) is "Yes," state: *NA*

Name and location of the court where the appeal was filed: *NA*

Docket or case number (if you know): *NA*

Date of the court's decision: *NA*

Result (attach a copy of the court's opinion or order, if available): *NA*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: *Did not file Any post conviction petition in a state trial court.*

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: *Only the pending Appeal in the Ala. Criminal Court of Appeals.*

**GROUND FOUR:** *On Additional enclosed pages*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why: *Same As Ground One, Two, Three, And Four.*

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☑ Yes        ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: *Raised this issue.*

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☑ No

(2) If your answer to Question (d)(1) is "Yes," state: *N/A*

Type of motion or petition: *N/A*

Name and location of the court where the motion or petition was filed: _N/A_

Docket or case number (if you know): _N/A_

Date of the court's decision: _N/A_

Result (attach a copy of the court's opinion or order, if available): _N/A_

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☑ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☑ No

(6) If your answer to Question (d)(4) is "Yes," state: _N/A_

Name and location of the court where the appeal was filed: _N/A_

Docket or case number (if you know): _N/A_

Date of the court's decision: _N/A_

Result (attach a copy of the court's opinion or order, if available): _N/A_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _Did not file Any post conviction petition in state trial court._

(e)   Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _Only the pending appeal in the Ala. Court of Criminal Appeals._

AO 241
(Rev. 12/04)

13.  Please answer these additional questions about the petition you are filing:

(a)  Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?   ☐ Yes   ☑ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them: Grounds One, Two, Three, And Four have not been presented to
the State's highest court because the petitioner's appeal has not left the Ala.
Court of Criminal Appeals yet. Therefore the State's highest court does
not have jurisdiction yet.

(b)  Is there any ground in this petition that has not been presented in some state or federal court?  If so,

ground or grounds have not been presented, and state your reasons for not presenting them: All grounds have
been presented in State court And Ala. Criminal Court of Appeals.

14.  Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction
that you challenge in this petition?   ☐ Yes   ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

of any court opinion or order, if available. N/A

15.  Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?   ☑ Yes   ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the

raised. Alabama Criminal Court OF Appeals, 300 Dexter Ave. P.O. Box 301555
Montgomery, Al. 36130-1555

James Alter Bigham v. State of Alabama CR-11-0782
(On Appeal from the Circuit Court of Houston County, Alabama CC-10-772)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _Mark D. Johnson  W. Main St. Dothan, Al. 36301_

(b) At arraignment and plea: _Mark D. Johnson W. Main St. Dothan, Al. 36301_

(c) At trial: _Mark D. Johnson 661 W. Main St. Dothan, Al. 36301_

(d) At sentencing: _Mark D. Johnson 661 W. Main St. Dothan, Al. 36301_

(e) On appeal: _R. Todd Derrick P.O. Box 1748 Dothan, Al. 36302_

(f) In any post-conviction proceeding: _N A_

(g) On appeal from any ruling against you in a post-conviction proceeding: _N A_

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?          ☐ Yes     ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _N A_

(b) Give the date the other sentence was imposed: _N A_

(c) Give the length of the other sentence: _N A_

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?          ☐ Yes     ☑ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.* _Not over a year yet. Appeal still pending._

AO 241
(Rev. 12/04)

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 12/04)

Page 16

(2)     The time during which a properly filed application for State post-conviction or other collateral review
        with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
        limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: To overturn the Petitioner's conviction and
release him from immediate custody for the violation of his following constitutional
rights.

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

IN FORMA PAUPERIS DECLARATION

_____

[insert appropriate court]

* * * * *



Mr. James A. Brown # 229436 E1-37B
Ventress Correctional Facility
P.O. BOX 767
Clayton, AL 36016-0767

C/O Ms. DEBRA HACKETT
CLERK OF THE COURT
U.S.D.C.
P.O. Box 711
MONTGOMERY, AL 36101-0711

THIS CORRESPONDENCE IS FORWARDED
FROM AN ALABAMA STATE PRISON. THE
CONTENTS HAVE NOT BEEN EVALUATED,
AND THE ALABAMA D.O.C. IS NOT RESPONSIBLE FOR
THE SUBSTANCE OR CONTENT OF THE
ENCLOSED COMMUNICATION.

Montgomery P&DC 360
25 APR 2013 PM