IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES ALTER BIGHAM, #229436, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:13-CV-289-TMH |
| | ) [WO] |
| | ) |
| CHRISTOPHER GORDY, et al., | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This cause of action is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by James Alter Bigham ["Bigham"], a state inmate, in which he challenges convictions for first degree domestic violence and first degree assault imposed upon him by the Circuit Court of Houston County, Alabama on February 9, 2012. In his petition, Bigham concedes that the direct appeal of his convictions, an appeal in which he raises his claims for federal habeas relief, remains pending before the Alabama Court of Criminal Appeals.

Upon review of the petition and as Bigham had not yet exhausted the direct appeal process, the court entered an order affording Bigham an opportunity to demonstrate why this petition should not be dismissed for his failure to exhaust state remedies. *Order of May 1, 2013 - Doc. No. 4*. This order specifically noted that "it does not appear that a stay of this case is warranted pending the outcome of the state appellate process as there is nothing

before this court which indicates 'good cause for the petitioner's failure to exhaust his claims first in state court.' *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 1535 (2005)." *Id*. at 1-2 In response to this order, Bigham nevertheless sought a stay of this case. *Doc. No. 5*. Upon review of the motion to stay, the court determined that such action was not warranted and issued an order denying this motion. *Doc. No. 6*.

On May 16, 2013, Bigham filed a motion to withdraw the instant 28 U.S.C. § 2254 petition. *Doc. No. 7*. In this motion, Bigham "moves to withdraw his petition of habeas entirely so that he may pursue state remedies still available to him in the state court." *Id*. at 1. The court therefore construes this document as a motion to dismiss the petition. Upon consideration of this motion, and as Bigham acknowledges his failure to exhaust available state remedies, the court concludes that the motion to dismiss is due to be granted.

## II. DISCUSSION

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State ..." 28 U.S.C. § 2254(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). It is undisputed that Bigham has not yet exhausted his available state court remedies with respect to the claims presented in the instant petition for habeas corpus relief as these claims are pending before

the Alabama Court of Criminal Appeals on direct appeal of Bigham's convictions. In addition, Bigham may seek relief in the Alabama Supreme Court upon issuance of any adverse decision by the state appellate court. This court does not deem it appropriate to rule on the merits of Bigham's claims without first requiring that he exhaust available state remedies. 28 U.S.C. § 2254(1)(b)(2). Moreover, it is clear that a stay of this case is not warranted pending the outcome of the state court proceedings as there is nothing before this court which indicates the requisite good cause for Bighams's failure to first properly exhaust his claims in the state courts. *Rhines*, 544 U.S. at 277.

In light of the foregoing, the Magistrate Judge concludes that the petition for habeas corpus relief should be dismissed without prejudice so that Bigham can pursue the state court remedies which are available to him.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion to dismiss filed by the petitioner be GRANTED.

2. The petition for habeas corpus relief be DENIED.

3. The petition be DISMISSED without prejudice to allow the petitioner an opportunity to exhaust available state court remedies.

It is further

ORDERED that on or before June 18, 2013 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 3rd day of June, 2013.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE